Filed 5/21/24  P. v. Torres CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN MATIAS TORRES,<br><br>    Defendant and Appellant. | H051382<br>(Santa Clara County<br> Super. Ct. No. CC591335) |

## I.  INTRODUCTION

In 2011, defendant Juan Matias Torres was resentenced in the instant case, and in a separate case, to 25 years to life consecutive to an aggregate determinate term of 26 years 8 months.  As part of the resentencing in the instant case, the trial court stayed one prior prison term enhancement and struck the punishment for a second prior prison term enhancement.  (See Pen. Code, § 667.5, former subd. (b).)[1]

In 2023, after the Legislature limited the circumstances in which prior prison term enhancements may apply, defendant sought to have his sentence recalled and be resentenced under section 1172.75.  The trial court, addressing only the legal question of whether section 1172.75 requires a prior prison term enhancement to be imposed and executed in order for a defendant to be eligible for relief under the statute, denied

---

[1] All further statutory references are to Penal Code unless otherwise indicated.

defendant's petition after concluding that the statute does not apply when the enhancement is stayed or the punishment is stricken.

On appeal, defendant contends that the trial court erred in determining that section 1172.75 does not apply if a prior prison term enhancement has been stayed or the punishment has been stricken. For reasons that we will explain, we conclude that defendant is entitled to have his sentence recalled under section 1172.75 because at least one of his prior prison term enhancements was stayed. We will therefore reverse the trial court's order and remand the matter for further proceedings.

## II. BACKGROUND

### A. *The Convictions and Sentence*

In 2007, defendant was convicted by plea of assault on a peace officer (§ 245, subd. (c)), exhibition of a deadly weapon at a peace officer (§ 417.8), misdemeanor flight from an officer (Veh. Code, § 2800.1, subd. (a)), misdemeanor driving under the influence (Veh. Code, § 23152, subd. (a)), misdemeanor driving with a blood alcohol level of 0.08 or more (Veh. Code, § 23152, subd. (b)), misdemeanor delaying a peace officer (§ 148, subd. (a)(1)), carrying a concealed dirk or dagger (former § 12020, subd. (a)(4)), and misdemeanor resisting a peace officer (§ 69). Defendant also admitted that he had suffered two prior serious felony convictions (§ 667, former subd. (a)) and two prior strike convictions (§ 667, former subds. (b)-(i), former § 1170.12), and that he had served two prior prison terms (§ 667.5, former subd. (b)). The prior prison terms were based on convictions for exhibiting a weapon at a peace officer (§ 417.8) and accessory in furtherance of gang activity (§§ 32, 186.22, subd. (b)(1)).

At sentencing in December 2007, after granting in part defendant's *Romero* motion,[2] the trial court sentenced defendant to 12 years 8 months. The court stayed the punishment for the two prior prison term enhancements "pursuant to" *People v. Jones*

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

(1993) 5 Cal.4th 1142 (*Jones*).  At the same hearing, the court also sentenced defendant in a separate case (No. CC629776).

Defendant appealed.  This court ordered the judgment modified by striking a five-year serious felony enhancement in each case (Nos. CC591335 & CC629776).  (*People v. Torres* (July 28, 2010, H032441) [nonpub. opn.].)

On remand, in April 2011, defendant was resentenced in the instant case (No. CC591335) to seven years eight months.  The record is not complete regarding the court's disposition of the prior prison term enhancements on resentencing.  No reporter's transcript for the April 2011 resentencing hearing is contained in the record on appeal.  The clerk's minutes reflect that the court (1) stayed one prior prison term enhancement pursuant to *Jones*, *supra*, 5 Cal.4th 1142, and (2) struck the punishment for the other prior prison term enhancement pursuant to section 1385.[3]  However, the abstract of judgment refers only to the prior prison term enhancement that was stricken.[4]  In the second case (No. CC629776), defendant was resentenced to 25 years to life consecutive to 19 years.  His sentence for both cases was thus 25 years to life consecutive to an aggregate determinate term of 26 years 8 months.

### B.  *Motion for Resentencing Under Section 1172.75*

Effective in 2020, the Legislature limited the circumstances in which a prior prison term enhancement may apply and effective in 2022, enacted a statute allowing for resentencing in certain cases.  (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020; former § 1171.1, added by Stats. 2021, ch. 728, § 3, eff. Jan. 1,

---

[3] The clerk's minutes include the following notations:  "PC667.5 (b) STAY PURS TO PEOPLE vs JONES," and "PC667.5(b) add'l pun. stricken pu[rs] to PC 1385."

[4] The abstract of judgment lists one prior prison term enhancement ("PC667.5(b)") with the notation "**S" in the column for the number of years.  Under a section for "[o]ther orders," the abstract of judgment states, "**Stricken pur PC1385."  However, the abstract of judgment also includes the following preprinted instructions, "Enter time imposed for each [enhancement] or 'S' for stayed.  DO NOT LIST ANY STRICKEN ENHANCEMENT(S)."

2022, renumbered without substantive change as § 1172.75 by Stats. 2022, ch. 58, § 12, eff. June 30, 2022.)

Defendant was apparently identified by the Department of Corrections and Rehabilitation as having at least one legally invalid prior prison term enhancement. (See § 1172.75, subd. (b).) Defendant filed a petition for recall of sentence and resentencing under section 1172.75. He argued that the abstract of judgment for his April 2011 resentencing showed one prior prison term enhancement with the punishment stricken. He contended that although his sentence did not include an additional year for this enhancement, he was entitled to be resentenced under section 1172.75 because the enhancement remained on the abstract of judgment, the enhancement could "affect him in any potential future sentencing," and the Legislature did not expressly limit relief to only those defendants whose sentence included additional time due to the enhancement.

The prosecutor filed opposition to the petition. The prosecutor contended that section 1172.75 applied only to defendants whose prior prison term enhancement "resulted in additional custody time." The prosecutor argued that in this case, defendant's abstract of judgment indicated that the prior prison term enhancement was stayed or the punishment was stricken, and defendant would never serve "a single additional day in custody" for the now legally invalid enhancement. The prosecutor argued that the language of section 1172.75 and legislative history supported the interpretation that a prior prison term enhancement must be imposed and executed, not stayed or stricken, for a defendant to be eligible for resentencing.

After a hearing on August 2, 2023, the trial court denied defendant's petition. The court concluded that "where the punishment for the [prior prison term] enhancement was stayed, stricken or dismissed," section 1172.75 "does not apply." The court reasoned that because the statute applies to an enhancement that was "imposed" (§ 1172.75), the statute could not apply to an enhancement if the punishment was stricken. The court also believed that in order to harmonize other language in the statute, "imposed" could not

4

encompass an enhancement that had been stayed.  The court further found that a reference in the uncodified legislative findings to those "persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements" necessarily meant executed terms because a defendant "does not 'serve a term' for an enhancement that has had the punishment stricken or stayed."  (Italics omitted.)

## III.  DISCUSSION

On appeal, defendant contends that this court should deem both of his prior prison term enhancements as having been stayed, not stricken.  Further, regardless of whether the enhancements were stayed or the punishment was stricken, defendant argues that the trial court erred in determining that section 1172.75 does not apply to him.

We first address the status of defendant's two prior prison term enhancements before analyzing whether the trial court erred in concluding that section 1172.75 does not apply to defendant.

### A.  *Status of Defendant's Prior Prison Term Enhancements*

The parties disagree about the disposition of defendant's prior prison term enhancements by the trial court on resentencing in 2011.  Defendant contends that both of the enhancements were stricken by the trial court upon resentencing, but that this court should deem both enhancements as having been stayed.  The Attorney General contends that the record reflects that at resentencing, one enhancement was stayed and the punishment for the other enhancement was stricken.

As we have recited above, the clerk's minutes reflect that at defendant's resentencing in April 2011, the trial court (1) stayed one prior prison term enhancement pursuant to *Jones*, *supra*, 5 Cal.4th 1142, and (2) struck the punishment for the other enhancement pursuant to section 1385.  The abstract of judgment, however, refers only to the enhancement that was stricken.  Given that the parties agree that defendant had two prior prison term enhancements, the abstract of judgment is incomplete as it does not indicate the disposition of the second enhancement.

5

The parties further disagree about whether the trial court had the authority to stay or strike defendant's prior prison term enhancements or the punishment for the enhancements. Defendant contends that although section 1385 authorizes a court to strike an enhancement or the punishment for an enhancement, the punishment for his prior prison term enhancements in this case must be stayed pursuant to *Jones*, *supra*, 5 Cal.4th 1142, and California Rules of Court, rule 4.447(a). The Attorney General contends that the trial court could only strike, not stay, the punishment for the prior prison term enhancements.

Generally, "[o]nce the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken. [Citations.]" (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) In *Jones*, *supra*, 5 Cal.4th 1142, the California Supreme Court held that if a five-year serious felony enhancement (§ 667, subd. (a)) and a one-year prior prison term enhancement (§ 667.5, subd. (b)) are based on the same prior conviction, only the greatest enhancement, that is, the serious felony enhancement, may be imposed in view of the language of section 667, former subdivision (b) (the predecessor to § 667, subd. (a)(2)). (*Jones*, *supra*, at pp. 1144-1145, 1152.) In *Jones*, the California Supreme Court ultimately ordered that the prior prison term enhancement be stricken without any discussion about whether it should be stayed or stricken. (*Id.* at p. 1153.) An appellate court subsequently concluded that, based on rule 4.447 of the California Rules of Court,[5] "the appropriate disposition" appears to be imposing and then staying execution of the

---

[5] California Rules of Court, rule 4.447(a)(2) generally provides that if an enhancement term "is prohibited by law or exceeds limitations on the imposition of multiple enhancements," then the trial court "must . . . [¶] . . . [¶] . . . [s]tay execution of the part of the term that is prohibited or exceeds the applicable limitation. The stay will become permanent once the defendant finishes serving the part of the sentence that has not been stayed."

one-year enhancement.  (*People v. Walker* (2006) 139 Cal.App.4th 782, 794, fn. 9; see *People v. Lopez* (2004) 119 Cal.App.4th 355, 363-366.)

In this case, we need not decide whether both prior prison term enhancements should have been stricken instead of one stayed.  As we will next explain, because at least one prior prison term enhancement was stayed as reflected in the clerk's minutes, defendant is entitled to resentencing under section 1172.75.  (See *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1275 [determining that the defendant, whose prior prison term enhancements were stayed, was entitled to resentencing under § 1172.75 even though "the trial court stayed the enhancements in error, resulting in an authorized sentence"], review granted Mar. 12, 2024, S283547 (*Saldana*).)

### B.  *Whether Defendant Is Entitled to Resentencing Under Section 1172.75*

#### 1. Resentencing for Invalid Prior Prison Term Enhancements

Effective January 1, 2020, prior prison term enhancements under section 667.5, subdivision (b) were limited to cases in which the defendant's prior prison term was for a sexually violent offense.  (Stats. 2019, ch. 590, § 1; *People v. Velasco* (2023) 97 Cal.App.5th 663, 667, fn. 2 (*Velasco*).)  Subsequently, the Legislature enacted legislation to address prior prison term enhancements that were imposed under the former law but which could not have been imposed under the current law.  Specifically, the Legislature enacted section 1171.1, which was later renumbered as section 1172.75 without any substantive change, to provide for resentencing in certain cases.  (Former § 1171.1, added by Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022, renumbered without substantive change as § 1172.75 by Stats. 2022, ch. 58, § 12, eff. June 30, 2022; *Velasco*, *supra*, at p. 667, fn. 2.)

In subdivision (a) of section 1172.75, the Legislature declared that any prior prison term "enhancement that was imposed prior to January 1, 2020," except for an enhancement that was imposed for a prior conviction for a sexually violent offense, "is legally invalid."

7

In subdivision (b) of section 1172.75, the Legislature required the Secretary of the Department of Corrections and Rehabilitation and county correctional administrators to "identify those persons in their custody currently serving a term for a judgment that includes [a legally invalid] enhancement described in subdivision (a)" and provide the defendant's name and case number, among other information, "to the sentencing court that imposed the enhancement."

Subdivision (c) of section 1172.75 provides that upon receiving this information, the trial court "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."

Subdivision (d) of section 1172.75 sets forth several rules regarding the resentencing. First, "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).) Second, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) Third, "[t]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).) Fourth, "[u]nless the court originally imposed the upper term, the court may not impose a sentence

8

exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(4).)

The issue in this case is whether the provisions of section 1172.75 regarding recall and resentencing for legally invalid prior prison term enhancements apply to enhancements that are imposed but not executed, such as enhancements that have been stayed. "Our standard of review in this context is well settled: 'The proper interpretation of a statute is a question of law we review de novo. [Citations.]' " (*People v. Curiel* (2023) 15 Cal.5th 433, 461.) " ' " 'When we interpret a statute, "[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." [Citation.] "Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' " ' [Citation.]" (*Los Angeles Unified School Dist. v. Superior Court* (2023) 14 Cal.5th 758, 767–768.)

## 2. Analysis

There is a split of authority regarding whether a stayed prior prison term enhancement is subject to resentencing under section 1172.75. (See *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 [§ 1172.75 requires resentencing for stayed

9

prior prison term enhancement] (*Renteria*); *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40-41, 45, 48–49, review granted Feb. 21, 2024, S283169 [§ 1172.75 does not authorize resentencing for stayed prior prison term enhancements]; *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, review granted Feb. 21, 2024, S283189 [§ 1172.75 requires resentencing for stayed prior prison term enhancement] (*Christianson*); *Saldana*, *supra*, 97 Cal.App.5th at pp. 1272–1273, review granted [§ 1172.75 requires resentencing for stayed prior prison term enhancements].)  We follow the weight of authority and conclude that section 1172.75 authorizes the recall and resentencing of a defendant whose prior prison term enhancement was stayed.

First, section 1172.75 applies to prior prison term enhancements that were "imposed."  (*Id.*, subd. (a).)  "Impose" may encompass "enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*' " (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125).  (See *Renteria*, *supra*, 96 Cal.App.5th at p. 1282.)

Second, although subdivision (d)(1) of section 1172.75 generally provides that resentencing under this section "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement," this subdivision may be construed to encompass stayed prior prison term enhancements.  "When a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated.  [Citation.]  Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, review granted.)

Third, given that the components of a sentence are " ' "interdependent," ' " we agree with the appellate court in *Christianson* that there appears to be "no reason to

10

differentiate between defendants serving an additional term based specifically on a now invalid enhancement[] and those for whom the enhancement was imposed but stayed.  In both instances, the presence of the enhancement was one component considered by the sentencing court in pronouncing the overall sentence." (*Christianson*, *supra*, 97 Cal.App.5th at p. 315, review granted.)

Fourth, as the appellate court in *Christianson* stated, "the statutory scheme at issue here involves statutory amendments expressly aimed at reducing sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.'  [Citations.]" (*Christianson*, *supra*, 97 Cal.App.5th at p. 314, italics omitted, review granted.)  It appears the intent of the Legislature was "to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid*; accord, *Saldana*, *supra*, 97 Cal.App.5th at pp. 1277–1278, review granted.)  This broad relief includes, upon resentencing, the application of "the sentencing rules of the Judicial Council and appl[ication of] any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  Broadly construing "imposed" in subdivision (a) of section 1172.75 to allow resentencing in cases of stayed prior prison term enhancements furthers the goal of eliminating disparity of sentences by allowing the application of section 1172.75 to a greater number of cases.

Fifth, although the Legislature expressed an intent, as recognized by the trial court in the instant case, to " 'retroactively apply [its legislative change regarding prior prison term enhancements] to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 310, review granted), resentencing under section 1172.75 is not strictly limited to this circumstance.  Subdivisions (b) and (c) of section 1172.75 set forth one set of deadlines for disposition of defendants with invalid prior prison term enhancements if the

11

defendant is "currently serving a sentence based on the enhancement" (*id.*, subds. (b)(1) & (c)(1)) and a later deadline "for all other individuals" (*id.*, subd. (b)(2) & (c)(2)). Thus, notwithstanding the expressed legislative intent, section 1172.75 by its terms does not limit resentencing to only those defendants " 'currently serving a term of incarceration . . . for these repealed sentence enhancements' " (*Christianson*, *supra*, at p. 310).

Lastly, we observe that defendant contends that any resentencing must encompass both the instant case and case No. CC629776 – the two cases that form the basis for his aggregate sentence. According to defendant, the trial court "considered only" the instant case because it "seemed to think" that it had jurisdiction to resentence only in the instant case. Defendant argues that he "was entitled to a full resentencing hearing on his entire commitment." Defendant does not provide a record citation to support his contention that the trial court believed it only had jurisdiction to resentence in one case. Indeed, the trial court never reached the issue of resentencing as it determined that defendant was not entitled to have his sentence recalled under section 1172.75 because the prior prison term enhancements were stayed and/or stricken. Our opinion is limited to a reversal and remand for further proceedings in the instant case (No. CC591335). Defendant may raise in the trial court the issue of whether he is entitled to resentencing in case No. CC629776, and we leave that issue to the trial court to decide in the first instance.

In summary, we conclude that, because at least one of defendant's prior prison term enhancements was stayed, the trial court erred in denying defendant's petition for recall of sentence under section 1172.75.[6] Because it appears from the record on appeal that the parties and the trial court limited the issue before the court to the sole legal

---

[6] Because we conclude that defendant is entitled to recall of his sentence under section 1172.75 based on at least one stayed prior prison term enhancement, we do not address whether he would have been entitled to recall of sentence based solely on the prior prison term enhancement where the punishment was stricken.

question of whether a defendant is entitled to relief under section 1172.75 if the prior prison term enhancement is stayed or the punishment is stricken, and because we have concluded that the court erroneously determined that section 1172.75 does not apply when the enhancement is, as in this case, stayed, we will remand the matter for further proceedings.

## IV.  DISPOSITION

The August 2, 2023 order denying defendant's petition under Penal Code section 1172.75 is reversed and the matter is remanded for further proceedings in case No. CC591335 consistent with this opinion.

_____
BAMATTRE-MANOUKIAN, ACTING P. J.



WE CONCUR:




_____
DANNER, J.




_____
BROMBERG, J.




*People v. Torres*
**H051382**